UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GINA ARMAS, et al.,<br>    Plaintiffs,<br>v.<br>USAA CASUALTY INSURANCE COMPANY,<br>    Defendant. | Case No.17-cv-06909-EJD   (VKD)<br><br>**ORDER RE MARCH 28, 2019 FOURTH DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 42 |

Plaintiffs Gina and David Armas seek the Rule 30(b)(6) deposition of defendant USAA Casualty Insurance Company's ("USAA") corporate representative on noticed deposition topics 5 and 7 as they relate to the July 2014 collision at issue in this matter. USAA proposes to produce its witness in San Antonio, Texas, where USAA has its principal place of business. The Armases ask that USAA be ordered to produce the witness in the San Francisco Bay Area, or that USAA be ordered to pay their counsel's expenses to travel to San Antonio.

The Armases say that USAA failed to prepare its corporate representative to address the full scope of topics 5 and 7 (i.e., including matters concerning the July 2014 collision) during a prior Rule 30(b)(6) deposition conducted in San Antonio. For this reason, the Armases say that USAA should be required to produce a corporate representative in the San Francisco Bay Area (where plaintiffs' counsel is located) or pay for their counsel's travel to San Antonio.

USAA is correct that generally a party's corporate representative will be deposed in the location where the party maintains its place of business, unless the parties agree otherwise. *Aerocrine AB v. Apieron, Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (citing 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2112 (2d ed. 1994)). The parties seem to have had

several communications about the location of the original deposition, but none of them is in a form that the Court can enforce. However, it appears that USAA did not provide a corporate representative who was fully prepared at the time of the original deposition on topics 5 and 7, necessitating a further Rule 30(b)(6) deposition to complete testimony on these topics. In these circumstances, it is appropriate for USAA to bear the costs of the Armases' travel again to San Antonio for this purpose.

Accordingly, if USAA produces its corporate representative for further testimony regarding topics 5 and 7 in San Antonio, USAA must reimburse the Armases' counsel's reasonable travel expenses (hotel and transportation, not attorneys' fees), but only to the extent that the purpose of the travel is for a further Rule 30(b)(6) deposition on these topics. If the travel has other purposes, USAA must reimburse the appropriate portion of the travel expenses attributable to the further deposition. The Court expects the parties to work this out, but if they cannot, they shall submit their dispute about USAA's reimbursement of travel expenses to the Court using the discovery dispute resolution procedure.

**IT IS SO ORDERED.**

Dated: March 29, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge