UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GINA ARMAS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>  Defendant. | Case No. 17-cv-06909-EJD   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 38, 39, 40 |

Plaintiffs Gina and David Armas and defendant USAA Casualty Insurance Company ("USAA") have jointly submitted three discovery disputes to the Court for resolution. Dkt. Nos. 38, 39, 40. The Court held a hearing on these matters on April 2, 2019. Dkt. No. 47.

For the reasons stated on the record, and as further explained below, the Court orders as follows:

## I.  DEFENDANT'S WRITTEN DISCOVERY RESPONSES (DKT. NO. 38)

The Armases contend that USAA's responses to their interrogatories and requests for production of documents do not adequately describe what information or documents, if any, are being withheld, and do not clearly state that all responsive information or documents have been produced.[1] The Armases clarified at the hearing that their primary concern is USAA's representations concerning production of responsive documents, which they say fail to comply with the requirements of Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure. In particular,

---

[1] The Armases argue that USAA may not withhold any responsive information or documents because it failed to make timely objections. USAA concedes that it served written objections to the Armases' discovery after the date they were due. Dkt. No. 38 at 5.

the Armases object to USAA's use of the phrase: "Responding Party has conducted a diligent search and a reasonable inquiry into its records and no further information responsive to *the reasonable scope of the request* exists to produce." *See, e.g.*, Dkt. No. 38 at 138 (Further Supplemental Response to Request for Production No. 1) (emphasis added). The Armases say that this phrase suggests USAA is deciding for itself what is "reasonable" without revealing to them how it is making those calls and what it is omitting.

With the exception of Requests for Production Nos. 11 and 47-49, discussed below, USAA represents to the Court that it "has produced everything it believes to be responsive" and that "[n]othing else has been withheld in production." *Id.* at 4–5. USAA says it is not withholding anything based on its objections (apart from documents identified in a privilege log), but that because the Armases' requests are so broad, it is impossible to know what the full scope of a request encompasses.

The Court has reviewed the discovery responses attached to the parties' joint submission. For the most part, USAA makes express representations of what it has produced in its written responses to the Armases' document requests, even though those representations are followed by the phrase to which the Armases object. *See, e.g.*, *id.* at 136–38. In addition, in the joint submission, USAA provides a list of what it has produced to the Armases and, as indicated above, represents to the Court that nothing has been withheld. *See id.* at 4–5. However, these representations appear not to address the real dispute between the parties.

During the hearing, the Armases explained that they are suspicious of USAA's claim that it conducted an adequate search for responsive documents, because they have identified specific items missing from USAA's productions, suggesting that USAA's representations about the completeness of its production are not accurate. Apart from a few examples, counsel appear not to have conferred about the specific omissions the Armases have identified or any other circumstances that cause them to believe that USAA's search has been insufficient.

Accordingly, the Court orders the parties to confer specifically about (1) any omissions the Armases have identified in USAA's production, and (2) the sources of potentially responsive documents in USAA's possession. Counsel are expected to engage in a candid and cooperative

2

1 discussion of these matters; however, the Armases are not entitled to make inquiries about
2 privileged information or protected work product. This order is without prejudice to the Armases
3 seeking further relief from the Court regarding the completeness of USAA's production, including
4 relief in the form of an order requiring USAA to produce a Rule 30(b)(6) corporate representative
5 to testify regarding the location, search, and collection of potentially responsive documents.

**II.    PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 47-49 (DKT. NO. 39)**

The Armases seek discovery of formal and informal complaints received by USAA from others relating to the denial or delay of medical payment claims, underinsured motorist claims, and extended benefits wage loss claims from January 11, 2011 to the present. Dkt. No. 39 at 1. Although it failed to timely object to these document requests, USAA opposes the Armases' discovery in the joint submission on several grounds, including principally that the discovery does not meet the relevance and proportionality requirements of Rule 26(b)(1) because the complaints of unrelated third parties are not relevant to the Armases' claims in this case.

The Armases say that they have asserted a claim of bad faith breach of the implied covenant of good faith and fair dealing against USAA, and that they may establish bad faith "by showing either that the acts that harmed [them] were knowingly committed or were engaged in with such frequency as to indicate a general business practice." *See* Dkt. No. 39 at 1 (citing *Colonial Life & Accident Ins. Co. v. Sup. Ct.*, 31 Cal. 3d 785, 791 (1982)). USAA objects that the Armases have only alleged bad faith with respect to their own claims, and they have not pled any allegations supporting a general business practice of denial or delay of claims like theirs. *Id.* at 4.

The Armases appear not to dispute that their complaint pleads a "practice" solely on information and belief. *See, e.g.*, Dkt. No. 1-1 ¶¶ 22, 30, 38. At the hearing and in the joint submission, the Armases referred to other individual complaints and other lawsuits against USAA of which they are aware, but they otherwise concede that they are seeking discovery from USAA to learn whether there is, in fact, a business practice of denial or delay that produced the harm they claim to have suffered.

The Court is not persuaded that the Armases have any basis to allege or prosecute bad faith claims premised on a theory that USAA has engaged in a general business practice that resulted in

3

harm to them, as opposed to the specific acts taken with respect to them. No such allegations appear in the complaint or in their joint submission. However, even if such a showing had been made, the Court finds that Requests Nos. 47-49 are impermissibly broad. Unlike the discovery permitted in the cases on which the Armases rely, their requests are not limited to specific complaints relating to a particular adjuster or claim representative or any other specific scenario. As presently framed, the Armases' requests cover a period of over eight years and encompass all formal and informal complaints, rendering the requests exceptionally broad.

Accordingly, the Court denies the Armases' motion to compel the production of documents responsive to Requests Nos. 47-49. However, this order is without prejudice to the Armases seeking narrower discovery of a prohibited "business practice," if they can demonstrate a sufficient basis for contending such a practice exists and that such discovery is relevant to a claim or defense in the case.

### III. PLAINTIFFS' REQUEST FOR PRODUCTION NO. 11 AND RELATED RULE 30(B)(6) DEPOSITION (DKT. NO. 43)

The Armases seek discovery of agreements between USAA and non-party Auto Injury Solutions ("AIS") relating to the administration, evaluation, determination, and payment of claims since January 11, 2011. They also seek a Rule 30(b)(6) deposition of USAA regarding its relationship with AIS, AIS's role in handling claims for USAA, whether USAA keeps statistical information on AIS' handling of claims, and complaints made by USAA members about AIS. USAA objects to producing its agreements with AIS and proposes a much narrower scope for the Rule 30(b)(6) deposition regarding AIS.

Because USAA appears to rely on AIS to perform at least some functions that bear on USAA's performance of its own contractual duties to the Armases, discovery of the agreements that define the relationship between USAA and AIS and that describe AIS's role and responsibilities appears clearly relevant to the Armases' claims in this case. USAA concedes that it is not burdensome to gather the agreements responsive to Request No. 11.[2]

---

[2] USAA does not contend that the agreements sought encompass periods of time that are not relevant to the Armases' claims.

4

However, the noticed deposition topic is too broad, in part because it encompasses complaints of unrelated third parties that appear to be irrelevant to the claims in this case. *See supra* Section II. The parties advise the Court that they have conferred in advance about a narrower scope for this deposition, which is set out in USAA's portion of the joint submission. *See* Dkt. No. 43 at 6. The Court adopts this suggestion, except that it will also permit the Armases to inquire about the agreements responsive to Request No. 11. The Armases may not inquire about other complaints from other USAA members about AIS.

Accordingly, the Court orders USAA to produce the agreements responsive to Request No. 11. The Court further orders USAA to produce a corporate representative(s) to testify regarding the following topics:

1. The use of Auto Injury Solutions, a third-party used to review Plaintiffs' claims for medical-payments benefits under their policy with USAA CIC to determine whether fees and expenses were reasonable and whether treatment was medically necessary and appropriate, arising out of their 2012 and 2014 motor vehicle accidents.

2. Agreements between USAA and Auto Injury Solutions related to the administration, evaluation, determination, and payment of claims, from January 11, 2011 to the present.

**IT IS SO ORDERED.**

Dated: April 5, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge