Bryan D. Lamb (#197675)
Richard L. Frischer (#280339)
**LAMB & FRISCHER LAW FIRM, LLP**
1388 Sutter Street, Suite 815
San Francisco, CA 94109
(415) 997-9529
(415) 997-9272 (fax)
*Attorneys for Plaintiffs*

Kenneth J. Kroopf (#64300)
**THE LAW OFFICES OF KENNETH J. KROOPF, A PROFESSIONAL LAW CORPORATION**
500 Lighthouse Avenue, Suite A
Monterey, California 93940
(831) 373-7762
(831) 373-4714(fax)
*Attorneys for Plaintiffs*

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GINA ARMAS; DAVID ARMAS

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY , et al.

Defendants.

Case No. 5:17-CV-06909-HRL

**PLAINTIFF'S ERRATA /AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT USAA CASUALTY INSURANCE COMPANY'S SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Date: May 9, 2019
Time: 9:00 a.m.
Judge: Hon. Edward J. Davila

-o0o-

**TO THE COURT AND ALL PARTIES OF RECORD:**

Plaintiff's Separate Statement filed on April 15, 2019 mistakenly duplicated the content of this statement twice. This errata / amended statement is substantively the same, but without the duplicative information.

| Claim or Defense | Moving Party's Undisputed Facts / Supporting Evidence | Opposing Party's Response / Supporting Evidence |
|---|---|---|
| **Claim 1: Breach of Contract** | | |
| 1. Defendant USAA CIC did not breach the subject insurance contract as to Plaintiff David Armas' Med-Pay Claim. | **Fact 1.** USAA CIC issued Plaintiffs California Auto Policy no. 00569 83 58C 7101 8 ("the Policy"), effective November 2, 2012 to January 5, 2013 for the subject 2006 Chevrolet Silverado.<br><br>Ex. 19 to the Declaration of Anastasia M. Lolong ["Lolong Decl."], the Policy. | UNDISPUTED. |
| | **Fact 2.** The Policy's Med-Pay coverage states, in part, the following:<br><br>"INSURING AGREEMENT<br>A. Medical Payments Coverage.<br><br>1. We will pay only the reasonable fee for medically necessary and appropriate medical services and the reasonable expense for funeral services. …<br><br>2. We or someone on our behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are reasonable fees for medically necessary and appropriate services or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount we determine to be reasonable fees and reasonable | UNDISPUTED |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | expenses, but such additional charges are not covered."<br><br>Ex. 19 to Lolong Decl., the Policy at ARMAS_CP_034-035. | |
| | **Fact 3.** The Policy's Med-Pay coverage defines, in part, the following:<br><br>"F. Medically necessary and appropriate medical services are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provided that, as determined by us or someone on our behalf, are required to identify or treat BI caused by an auto accident and sustained by a covered person and that are:<br><br>1. Consistent with the symptoms, diagnosis, and treatment of the covered person's injury and appropriately documented in the covered person's medical records;<br><br>2. Provided in accordance with recognized standards of care for the covered person's injury at the time the charge is incurred;<br><br>3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;<br><br>4. Not primarily for the convenience of the covered person, his or her physician, hospital, or other health care provided; | UNDISPUTED. |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | 5. The most appropriate supply or level of service that can be safely provided to the covered person; and<br><br>6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe adequate, and appropriate diagnosis and treatment."<br><br>Ex. 19 to Lolong Decl., the Policy at ARMAS_CP_018. | |
| | **Fact 4.** USAA CIC further explained its process of reviewing medical services and charges in a letter to Plaintiffs dated March 19, 2013, which stated, in part:<br><br>"In order to ensure that USAA pays only those medical bills that are appropriate, USAA utilizes an independent third party contractor, Auto Injury Solutions, to provide a medical bill auditing tool to assist USAA in reviewing health care providers services and charges to ensure billing accuracy, to avoid duplication of payment, to identify treatment that is reasonable, necessary and appropriate for accident related injuries and to evaluate the reimbursement amount. USAA uses this analysis in determining whether the services rendered and and fees charged are covered by the provisions of the policy and applicable state laws." | Irrelevant. But, undisputed that such letter was sent. |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | Ex. 3 to Declaration of Mina Vidaurri ["Vidaurri Decl."] at ARMAS_LR31_CF_0353. | |
| | **Fact 5.** On May 22, 2013, Mark Albright, DC determined the chiropractic treatment David Armas received on March 15, 2013 was not medically reasonable or necessary.<br><br>Ex. 4 to Vidaurri Decl. | OBJECTION: Vidaurri lacks personal knowledge and lacks the proper foundation to authenticate the Albright report(s), the opinions contained therein, and whether Albright even has the requisite qualifications to make such opinions. Thus, her declaration violates FRCP 56(e). Based on Vidaurri's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Albright is a licensed chiropractor. Viduarri Depo 66:13-16; 81:19-82:23; 83:21-84:9; ) |
| | **Fact 6.** On August 12, 2013, Mark Albright, DC determined the MRI performed on David Armas on April 11, 2013 was not medically reasonable or necessary.<br><br>Ex. 5 to Vidaurri Decl. | OBJECTION: Vidaurri lacks personal knowledge and lacks the proper foundation to authenticate the Albright report(s), the opinions contained therein, and whether Albright even has the requisite qualifications to make such opinions. Thus, her declaration violates FRCP 56(e). Based on Vidaurri's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Albright is a licensed chiropractor. Viduarri Depo 66:13-16; 81:19-82:23; 83:21-84:9.) |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| 2. Defendant USAA CIC did not breach the subject insurance contract as to Plaintiff Gina Armas' Med-Pay Claim for the either the December 2012 or July 2014 collision. | ***See* Facts 1 through 6** above in support of Claim 1: Breach of Contract. | |
| | **Fact 7.** On September 4, 2013, Dr. David Chen determined the medical treatment Gina Armas received on July 16 and 25, 2013 was not medically reasonable or necessary.<br><br>Ex. 6 to Vidaurri Decl. | OBJECTION: Vidaurri lacks personal knowledge and lacks the proper foundation to authenticate the Chen report(s), the opinions contained therein, and whether Chen even has the requisite qualifications to make such opinions. Thus, her declaration violates FRCP 56(e). Based on Vidaurri's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Chen is a licensed doctor. Viduarri Depo 66:13-16; 81:19-82:23; 83:21-84:9; ) |
| | **Fact 8.** On August 9, 2013, George Sage, DC determined the MRI performed on Gina Armas on April 12, 2013 was not medically reasonable or necessary.<br><br>Ex. 7 to Vidaurri Decl. | OBJECTION: Vidaurri lacks personal knowledge and lacks the proper foundation to authenticate the Sage report(s), the opinions contained therein, and whether Sage even has the requisite qualifications to make such opinions. Thus, her declaration violates FRCP 56(e). Based on Vidaurri's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Sage is a licensed |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | chiropractor. Viduarri Depo 66:13-16; 81:19-82:23; 83:21-84:9; ) |
| | **Fact 9.** On December 11, 2014, Dr. Timothy Chen determined the physical therapy treatment Gina Armas received on November 19, 2014 was not medically reasonable or necessary.<br><br>Ex. 21 to Declaration of Carlos Mendez ["Mendez Decl."]. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Chen report(s), the opinions contained therein, and whether Chen even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Chen is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.) Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 10.** After reviewing the appeal of Dr. Chen's December 11, 2014 review of Gina Armas' physical therapy treatment, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on November 19, 2014 was still not medically reasonable or necessary.<br><br>Ex. 22 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br>Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 11.** On March 30, 2015, Dr. Timothy Chen determined the physical therapy treatment Gina Armas received on February 16, 2015 was not medically reasonable or necessary.<br><br>Ex. 23 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 12.** On March 12, 2015, Dr. Timothy Chen determined the physical therapy treatment Gina Armas received on February 10, 17 and 19, 2015 was not medically reasonable or necessary.<br><br>Ex. 24 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 13.** After reviewing the appeal of Dr. Chen's March 12, 2015 review of Gina Armas' physical therapy treatment, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on February 10, 17 and 19, 2015 was still not medically reasonable or necessary.<br><br>Ex. 25 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable. (Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 14.** On August 11, 2015, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on February 26, 2015 was not medically reasonable or necessary.<br><br>Ex. 26 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 15.** On August 11, 2015, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on May 15 and 18, 2015 was not medically reasonable or necessary.<br><br>Ex. 27 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable. (Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 16.** On August 11, 2015, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on June 5, 2015 was not medically reasonable or necessary.<br><br>Ex. 28 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 17.** On August 11, 2015, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on June 3, 2015 was not medically reasonable or necessary.<br><br>Ex. 29 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.) |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| | **Fact 18.** On August 11, 2015, Dr. David Boguslavsky determined the physical therapy treatment Gina Armas received on June 10, 2015 was not medically reasonable or necessary.<br><br>Ex. 30 to Mendez Decl. | OBJECTION: Mendez lacks personal knowledge and lacks the proper foundation to authenticate the Boguslavsky report(s), the opinions contained therein, and whether Boguslavsky even has the requisite qualifications to make such opinions. Thus, his declaration violates FRCP 56(e). Based on Mendez's deposition it is clear there is no foundation for the reports; No foundation for their findings; and No foundation Boguslavsky is a licensed doctor. Mendez Depo 97:10-14; 104:6-14; 112:4-8; 112:17-113:13; 107:2-9; 116:6-9; 114:15-115:3.)<br><br>Disputed: Dr. Eichbaum found all treatment was reasonable.(Pg1097-1103 of Ex. 10 to Peirce Decl.; Depo of Pierce 151:6-152:3; Depo of Eichbaum 14:1-21) |
| 3. Defendant USAA CIC did not breach the subject insurance contract as to Plaintiff Gina Armas' underinsured ("UIM") claim. | **Fact 19.** The Policy's UIM coverage states, in part:<br><br>"ARBITRATION<br><br>A. This section applies to UMBI Coverage and UMPD Coverage and | UNDISPUTED. |

| | | |
|---|---|---|
| | UMPD WOCD Coverage. If we and a covered person disagree as to:<br><br>…<br>2. The amount of BI and PD damages that the covered person is legally entitled to collect from that owner;<br><br>then, that disagreement shall be arbitrated upon request of either party."<br><br>Ex. 19 to Lolong Decl., the Policy at ARMAS_CP_037. | |
| | **Fact 20.** The parties entered into arbitration proceedings.<br><br>Pierce Decl. at ¶ 3. | UNDISPUTED |
| | **Fact 21.** The declarations page of policy no. 00569 83 58C 7101 8, states, in part:<br><br>"PART C – UNINSURED MOTORISTS<br><br>BODILY INJURY<br>EA PER $ 300,000<br>EA ACC $ 500,000 …".<br><br>Ex. 19 to Lolong Decl., the Policy at ARMAS_CP_004. | UNDISPUTED. |
| | **Fact 22.** On May 8, 2017, USAA CIC paid Gina Armas the full UIM policy benefits of $285,000.00, consisting of the $300,000.00 UIM policy limits, less the $15,000.00 Gina Armas received from the underlying tortfeasor's insurance carrier. | UNDISPUTED. |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | Declaration of Gene Pierce ["Pierce Decl."] at ¶ 13. | |
| 4. Defendant USAA CIC did not breach the subject insurance contract as to Plaintiff David Armas' UIM claim. | ***See*** **Facts 19 through 20** above in support of Claim 1: Breach of Contract. | |
| | **Fact 23.** USAA CIC paid David Armas $60,000.00 in UIM policy benefits on May 1, 2017.<br><br>Pierce Decl. at ¶ 12. | UNDISPUTED. |
| **<u>Claim 2: Breach of The Implied Covenant of Good Faith and Fair Dealing</u>** | | |
| 1. Plaintiffs' bad faith cause of action fails because there has been no attendant breach of the subject insurance contract by USAA CIC. | ***See*** **Facts 1 through 23** in support of Claim 1: Breach of Contract. | |
| 2. USAA CIC acted reasonably in providing Dr. Eichbaum all of Gina Armas' medical records. | **Fact 24.** USAA CIC's medical expert, Eldon Eichbaum, MD's opinions were based on his review of all Gina Armas' medical records, including those from Stanford Healthcare.<br><br>Exs. 8-12 to Pierce Decl. | UNDISPUTED. |
| 3. USAA CIC acted reasonably when it promptly changed its settlement position based on Dr. Eichbaum's change in opinion. | **Fact 25.** Between February 2016 and March 2017, Dr. Eichbaum authored five medical reports opining that Gina Armas was <u>not</u> a candidate for surgery as a result of the motor vehicle accident, that she had <u>pre-existing</u> disc degeneration and that her complaints were <u>attributable to the multiple other accidents</u> she was involved in.<br><br>Exs. 8-12 to Pierce Decl. | UNDISPUTED. |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | **Fact 26.** For the first time, at his deposition on April 28, 2017, Dr. Eichbaum opined that Gina Armas was a candidate for surgery as a result of the motor vehicle accident.<br><br>Ex. 16 to Lolong Decl., Deposition of Eldon Eichbaum at 22:13-23:16. | DISPUTED. After receiving his November 5, 2016 report, Mr. Pierce recognized that Dr. Eichbaum had opined that Gina Armas's neck surgery was reasonable. (Pierce Depo. 151:6-152:3) As early as Nov. 15, 2016, Pierce recognized that the post-surgery reports would establish reasonableness of the surgery. (Exh. 30, ARMAS_LR31_CF0029.) |
| | **Fact 27.** For the first time, at his deposition on April 28, 2017, USAA CIC was made aware of Dr. Eichbaum's change in opinion regarding the medical reasonableness and necessity of Gina Armas' medical treatment.<br><br>Pierce Decl. at ¶ 11. | DISPUTED. After receiving his November 5, 2016 report, Mr. Pierce recognized that Dr. Eichbaum had opined that Gina Armas's neck surgery was reasonable. (Pierce Depo. 151:6-152:3) As early as Nov. 15, 2016, Pierce recognized that the post-surgery reports would establish reasonableness of the surgery. (Exh. 30, ARMAS_LR31_CF0029.) |
| | **Fact 28.** Once USAA CIC received Dr. Eichbaum's new medical opinion on April 28, 2017, it promptly considered it and changed its position and paid Gina Armas the UIM policy limits on May 8, 2017.<br><br>Pierce Decl. at ¶ 13. | DISPUTED. After receiving his November 5, 2016 report, Mr. Pierce recognized that Dr. Eichbaum had opined that Gina Armas's neck surgery was reasonable. (Pierce Depo. 151:6-152:3) As early as Nov. 15, 2016, Pierce recognized that the post-surgery reports would establish reasonableness of the surgery. (Exh. 30, ARMAS_LR31_CF0029.) |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| 4. USAA CIC reasonably investigated Gina Armas' wage earner claim. | **Fact 29.** On July 19, 2016, USAA CIC sent Plaintiffs the requested Extended Benefits/Wage Loss forms.<br><br>Ex. 15 to Pierce Decl. | UNDISPUTED. |
| | **Fact 30.** The Policy states in pertinent part:<br><br>"Extended Benefits Coverage. We will pay the following benefits for BI caused by an auto accident and sustained by a covered person:<br><br>1. Wage Earner Disability Benefit of 85% of income actually lost by an employed covered person during a period of total disability."<br><br>Ex. 19 to Lolong Decl. at ARMAS_CP_019. | UNDISPUTED |
| | **Fact 31.** The documents Gina Armas submitted in support of her wage earner claim as to the December 2012 accident failed to demonstrate a causal link between any total disability and inability to work to the December 2012 accident.<br><br>Ex. 20 to Lolong Decl. | DISPUTED: Gina Armas submitted documents from her employer showing rates of pay and job duties, as well as notes from Dr. Satow requesting she have the time off and/or modified duties.<br><br>(Exh. 45 to Frischer Decl.) |
| | **Fact 32.** Letter from USAA CIC to Plaintiffs dated August 23, 2017 discussing, in part, the documents Plaintiff Gina Armas' submitted in support of her wage earner claim.<br><br>Ex. 14 to Pierce Decl. | DISPUTED. Defendant's letter misrepresented what Gina had submitted, claiming Gina had not submitted a Wage Loss application. USAA adjuster, Carlos Mendez admitted this claim in the letter was untruthful. In short, when Armas's counsel attempted to follow up on the wage loss claim in June 2017, USAA provided false |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | information to counsel to persuade him that no wage loss claims were made.<br><br>(Exh 87 to R. Frischer Decl.) (Mendez Depo. 134:5-22.) |
| 5. USAA CIC acted reasonably in declining payment of treatment determined not medically reasonable or necessary. | ***See* Facts 1 through 18** in support of Claim 1: Breach of Contract. | |
| 6. Plaintiffs cannot identify any conduct demonstrating bad faith. | **Fact 33.** When asked whether USAA CIC ever told David Armas anything untrue, other than USAA CIC advising him they had not received a fax from him, he responded:<br><br>"A. Yeah. I believe that – I believe that they were untrue in telling me that they couldn't talk to me. And I think it was then maybe a procedural error on someone at USAA.<br><br>Q. But you don't recall who that is.<br><br>A. I don't recall who that is.<br><br>Q. … Do you recall who told you that they didn't receive your fax?<br><br>A. No.<br><br>Q. Other than USAA in your mind telling you that they had not received a fax and they couldn't talk to you because you were represented, do you believe USAA told you anything else that was untrue?<br><br>A. Not at this time." | OBJECTION: Irrelevant.<br><br>DISPUTED as incomplete: Plaintiffs' statement of facts and factual summary specify the numerous misrepresentations and deceptive practices undertaken by USAA in the process of the underlying claim. |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | Ex. 18 to Lolong Decl., Deposition of David Armas at 56:22-57:12. | |
| | **Fact 34.** David Armas is still a USAA CIC insured.<br><br>"Q. Are you still USAA auto insured?<br><br>A. Yes.<br>…<br>Q. Other than your USAA auto insurance, do you have any other USAA products at this present time?<br><br>A. I think I have a bank product and I think I have a life insurance product, for our household."<br><br>Ex. 18 to Lolong Decl., Deposition of David Armas at 68:6-18. | OBJECTION: Irrelevant.<br><br>UNDISPUTED. |
| | **Fact 35.** Gina Armas does not believe anybody at USAA ever told her something she believed to be untrue.<br><br>"Q. Ms. Armas, did anybody at USAA ever tell you something that you believe to be untrue?<br><br>A. No."<br><br>Ex. 17 to Lolong Decl., Deposition of Gina Armas at 125:13-15. | OBJECTION: Irrelevant.<br><br>DISPUTED as incomplete: Plaintiffs' statement of facts and factual summary specify the numerous misrepresentations and deceptive practices undertaken by USAA in the process of the underlying claim. |
| | **<u>Claim 3: Punitive Damages</u>** | |
| 1. Plaintiffs cannot establish that Defendant acted with fraud, oppression, or malice. | ***See* Facts 1 through 23** in support of Claim 1: Breach of Contract demonstrating the absence of any breach of the subject insurance contract. | |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | ***See also* Facts 24 through 35** in support of Claim 2: Breach of the Implied Covenant of Good Faith and Fair Dealing demonstrating USAA CIC's reasonable investigation of and handling of Plaintiffs' UIM, Med-Pay and wage earner claims. | |
| | **Fact 36.** Mina Vidaurri never intended to make, nor ever made any misrepresentations to Plaintiffs; never acted with malice or ill will in connection with Plaintiffs' claim; and tried to handle Plaintiffs' claim reasonably and not in a way that was improper.<br><br>Vidaurri Decl. at ¶¶ 17-19. | OBJECTIONS and DISPUTED.<br><br>Objections: Legal conclusions, not a statement of fact. In addition, whether a single adjuster "intention" is irrelevant to prove "conscious disregard to rights". Further, Plaintiff's case is not based on a single adjuster's intentions, but a pattern, practice and policy of depriving insured the coverage and benefits for which they have paid.<br><br>Disputed: In this case, the evidence cited throughout Plaintiff's facts below demonstrate that Plaintiffs made repeated requests, provided documentation and still have not received the benefits. Futhermore, Defendant's policies and actions demonstrate a pattern of hiring contractors for which they have no information about their qualifications who routinely and wrongfully deny claims After Plaintiffs repeated requests to obtain the benefits |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | | under the policy, they still have not received the benefits. (See Plaintiffs' facts below) |
| | **Fact 37.** Gene Pierce never intended to make, nor ever made any misrepresentations to Plaintiffs; never acted with malice or ill will in connection with Plaintiffs' arbitration; and tried to handle Plaintiffs' arbitration reasonably and not in a way that was improper.<br><br>Pierce Decl. at ¶¶ 17-19. | OBJECTIONS and DISPUTED.<br><br>Objections: Legal conclusions, not a statement of fact. In addition, whether a single adjuster "intention" is irrelevant to prove "conscious disregard to rights". Further, Plaintiff's case is not based on a single adjuster's intentions, but a pattern, practice and policy of depriving insured the coverage and benefits for which they have paid.<br><br>Disputed: In this case, the evidence cited throughout Plaintiff's facts below demonstrate that Plaintiffs made repeated requests, provided documentation and still have not received the benefits. Futhermore, Defendant's policies and actions demonstrate a pattern of hiring contractors for which they have no information about their qualifications who routinely and wrongfully deny claims After Plaintiffs repeated requests to obtain the benefits under the policy, they still have not received the benefits. (See Plaintiffs' facts below) |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | | |
|---|---|---|
| | **Fact 38.** Carlos Mendez never intended to make, nor ever made any misrepresentations to Plaintiffs; never acted with malice or ill will in connection with Plaintiffs' claim; and tried to handle Plaintiffs' claim reasonably and not in a way that was improper.<br><br>Mendez Decl. at ¶¶ 20-22. | OBJECTIONS and DISPUTED.<br><br>Objections: Legal conclusions, not a statement of fact. In addition, whether a single adjuster "intention" is irrelevant to prove "conscious disregard to rights". Further, Plaintiff's case is not based on a single adjuster's intentions, but a pattern, practice and policy of depriving insured the coverage and benefits for which they have paid.<br><br>Disputed: In this case, the evidence cited throughout Plaintiff's facts below demonstrate that Plaintiffs made repeated requests, provided documentation and still have not received the benefits. Futhermore, Defendant's policies and actions demonstrate a pattern of hiring contractors for which they have no information about their qualifications who routinely and wrongfully deny claims After Plaintiffs repeated requests to obtain the benefits under the policy, they still have not received the benefits. (See Plaintiffs' facts below) |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| Plaintiff's (Responding Party) Statement of Undisputed Fact | Moving Party's Undisputed Facts / Supporting Evidence |
|---|---|
| 1. Plaintiffs were insured by USAA during the 2012 and the 2014 collision, for medical payments up to $100,000; extended benefits coverage to reimburse them 85% of lost wages, up to $2,000.00 per 30-day period, for which they were disabled due to a covered collision; and underinsured motorists bodily injury coverage with a policy limit of $300,000.00 per person and $500,000.00 per collision at times relevant to the December 2012 collision. (See Exh. 19 to Lolong Decl. ISO Motion; Exh. A to Frischer Decl. ISO Opposition.) | |
| 2. Following the December 2012 collision, the Armases (or medical providers or attorneys on their behalf) submitted a number of medical payments claims to USAA. (See Exh. 47 to Frischer Decl.) | |
| 3. As of November 11, 2013, close to the one year time limit for medical payment claims, Gina Armas had submitted $18,918.71 in charges, and USAA had paid only $2,630.73. (Vidaurri Depo. at 128:5-20.)<br>David Armas had submitted $11,033.35 in charges, and USAA had paid only $3,428.00. (*Id.* at 129.) | |
| 4. Ms. Viduarri testified she does not know the qualifications of the AIS medical reviewers. Specifically, when asked about Dr. David Chen (purported author of Exh. 6 to her declaration in support of USAA's motion), Ms. Vidaurri testified that she does not know where he is licensed, where he attended school, nor how many years he practiced. (*Id.* at 81:22-82:11.) She does not know his specialty (*Id.* at 83:21-84:2.) | |
| 5. USAA does not receive any sort of documentation about what the AIS medical professional's expert credentials are. (*Id.* at 82:12-83:7.) | |
| 6. USAA's own adjusters do not know what the guidelines are that the AIS reviewers rely upon. (*Id.* at 84:25-85:9; 86:11-23.) | |

| | |
|---|---|
| 7. USAA relies upon AIS to make the determination to pay less than the billed amount for medpay services, but USAA does not know how AIS determines that. (*Id.* at 91:1-7.) | |
| 8. In Ms. Vidaurri's 13 years of experience with USAA, she has never seen an explanation of how AIS determines that a reasonable payment is lower than a billed amount. (*Id.* at 92:8-19.) | |
| 9. Overlapping with Gina Armas's 2012 medical payments claims, Dr. Eicbhaum reviewed chiropractic care from Dr. Borges from 1/2/13 – 7/15/13 (Exh. 8 to Pierce Decl. ISO Motion, at ARMAS_LR31_CF_1083-84), treatment from Dr. Erwin J. Deiparine from 7/16/13, 7/25/13, 8/29/13, 9/9/13 (*id.* at 1084-1085), and physical therapy from Tony Laguna, PT from 9/16/13 to 10/10/13 (*id.* at 1085). (*Id.*) Overlapping with Gina Armas's 2014 medical payments claims, Dr. Eichbaum reviewed physical therapy treatment by Bay Physical Therapy including treatment by Shelley Kroopf, PT, from 8/12/14-10/27/15. (*Id.* at 1088.) | |
| 10. There is no support for the claim that Gina Armas's neck pain was transiently symptomatic. Dr. Eichbaum testified that her neck pain lasted for about "four years or so" (Dr. Eichbaum Depo. at p. 12-13, Exh. E to Frischer Decl.) and that she has had neck pain consistently since the 2012 collision per her medical records. (*Id.* at 16:1-5.) | |
| 11. Dr. Satow wrote a number of work restrictions, including consecutive series of notes for restrictions for total temporary disability covering the time periods April 7, 2014 to July 28, 2014 and from April 9, 2015 to May 27, 2015, and restriction prohibiting lifting over 5 lbs from July 28, 2014 to August 8, 2014 and from May 26, 2015 to July 26, 2015. (*Id.* at 50:15-53:3.) | |
| 12. Dr. Satow testified all of his restrictions were related to his care for Mrs. Armas's shoulder. (*Id.* at 53:5-9.) | |
| 13. Dr. Satow found that his treatment of Gina Armas's shoulder from December 2012 until the July 2014 collision related to the December 2012 collision. (Id. at 55:21-55:19.) Dr. Satow found that the July 2014 collision caused the | |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | |
|---|---|
| need for Gina Armas's second shoulder surgery. (Id. at 59:4-16.) | |
| 14. On November 15, 2016, litigation manager Gene Pierce completed an evaluation for Gina Armas's UIM claim. (Evaluation, Exh. 30 to Frischer Decl.; Pierce Depo. 31:16-32:23; 76:12- 17, Exh. B to Frischer Decl.) In his evaluation, he found that Gina Armas's medical records stated the fact that Gina Armas had daily neck pain that worsened. (*Id.* at 34:9-15.) | |
| 15. In strategizing for the 2012 UIM claim, attorney Michael Jones advised, and Gene Pierce agreed, that, in regards to Gina Armas, "All special damages, including those for the cervical surgery, neck physical therapy, and physical therapy for the shoulder incurred after July 30, 2014, and lost earnings, is solely the responsibility of the subsequent accident." (*Id.* at 117:9-118:21.) | |
| 16. Gina Armas was off of work as a school psychologist with Monterey Peninsula Unified School District from April 10, 2014 to August 1, 2014 (with the school year ending in June) following her 2014 shoulder surgery, and USAA "confirmed" the time off via records from her employer. (*Id;* Pierce Depo. 43:6-44:14, Exh. B to Frischer Decl.) Mr. Pierce considered the wage loss to be caused by the 2014 shoulder surgery. (*Id.* at 44.) | |
| 17. USAA found $150,000 of Gina Armas's UIM claim to be undisputed. (*Id.* at 123:11-21.) | |
| 18. USAA has no information contradicting Gina Armas's report to Dr. Eichbaum that her neck pain was constant prior to surgery. (Pierce Depo 153:13-154:5.) | |
| 19. On April 23, 2017, Dr. Eichbaum advised attorney Michael Jones, who advised Gene Pierce, that Dr. Eicbhaum "intended to testify that the December 27, 2012 collision contributed up to 20 percent of Gina Armas's need for neck surgery." (Pierce Depo 134:5-18.) | |
| 20. All the treatment Dr. Eichbaum reviewed he found to be necessary medical treatment. (*Id.* at 14:16-21.) | |
| 21. Dr. Eichbaum testified that four months off work following a neck surgery such as Gina Armas's is reasonable. (Id. at 28:16-29:13.) | |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | |
|---|---|
| 22. Dr. Eichbaum testified that Gina Armas's neck pain did not reside after the 2012 collision. (Id. at 16:1-5.) | |
| 23. In November 2016 after reviewing surgical records (Exh. 10 to Pierce Decl. ISO Motion), the only new records Dr. Eichbaum reviewed were post-surgical records (Exh. 11 to *id.*). Certainly nothing had changed since his March 2017 examination. | |
| 24. Exh. 45 is a copy of Gina Armas's wage loss claim and supporting documentation. (Exh. 45 to Frischer Decl.; Vidaurri Depo. 101:6-24, Exh. C to Frischer Decl.) In her claim, she is requesting reimbursement for lost wages due to absences from April 10, 2014 to August 3, 2014, while advising her employment ended June 10, 2014 that year. (Exh. 45.) | |
| 25. Ms. Yarrito called Gina Armas and left a voicemail misrepresenting the policy language and stating that the extended benefit wage loss statute was only one year, so that it would only cover wage loss prior to December 27, 2013. (Vidaurri Depo. 117:4-23.) | |
| 26. After Ms. Yarrito gave this erroneous advice, Ms. Yarrito took no further action on the 2012 wage loss claim. (*Id.* at 120:3-8.) | |
| 27. USAA recognizes Gina Armas made a wage loss claim for the 2012 collision, but USAA recognizes this claim was never accepted nor denied by USAA. (Id. at 16:9-24.) | |
| 28. Concurrently with their UIM claim from the December 2012 collision, the Armases requested medical payments coverage from USAA for the July 2014 collision. (Medpay Logs, Exhs. 89 & 90 to Frischer Decl.; Mendez Depo. 120:22-122:24.) USAA was advised for Gina Armas charges totaling $10,370.00 and paid only $3,463.75 and for David Armas charges of $8,444.00 and paid only $4,916.83. (Exhs. 89 & 90.) | |
| 29. Mr. Mendez does not know why AIS reduced specific charges in medpay claims and he would not handle any disputes about reduced charges—"that would be between the provider and the – sorry – Auto Injury Solutions." (Id. at 53:9-54:12.) | |

| | |
|---|---|
| 30. All of the billable amounts submitted by Bay Physical Therapy were reasonable. (Decl. of Shelley Kroopf, PT) | |
| 31. All of the treatment rendered by Bay Physical Therapy for both Gina and David Armas were reasonable and necessary. (Decl. of Shelley Kroopf, PT.) | |
| 32. At or around the same time that Gina Armas filed a wage loss claim relating to the 2012 collision, she also filed two related to the 2014 collision. (Exhs. 82 and 83 to Frischer Decl.; Mendez Depo. 79:6-24, 80:22-81:11 Exh. D to Frischer Decl.)) | |
| 33. By the time that these claim forms were submitted, Mr. Mendez had previously closed the claim, and therefore no 30 day status letters were sent to remind the insureds of the outstanding claim. (*Id.* at 86:19-88:9.) USAA did not re-open the claim when Gina Armas submitted the wage loss forms. (*Id.* at 88:10-13.) | |
| 34. When an adjuster keeps a claim closed, it also means that the adjuster does not follow up on the claim. (Vidaurri Depo. 71:16-72:3, Exh. C to Frischer Decl.) | |
| 35. USAA's letter (Exh. 87) falsely states to counsel for the Armases that no wage loss claim application was ever submitted, which Mr. Mendez admitted in his deposition and recognized that Gina Armas actually submitted one of the forms more than once. (Id. at 93:16-94:4; Exh. 87 to Frischer Decl. | |
| 36. On May 1, 2017, counsel for the Armases advised USAA's attorney Michael Jones, who advised Gene Pierce, that Dr. Eichbaum's deposition testimony regarding the reasonableness of Gina Armas's medical treatment and time off from work also applies to the other first party claims. (Pierce Depo. 139:3-8, Exh. B to Frischer Decl.; Exh. 62 to Frischer Decl. at ARMAS_LR31_LIT_027-28..) | |
| 37. Gene Pierce, who received the forwarded e-mail, does not recall if he forwarded this e-mail to anyone in charge of the medical payments and wage loss claims, though he did not provide any substantive information about depositions | |

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

| | |
|---|---|
| or medical records to other adjusters. (Pierce Depo 141:18-143:16, Exh. B to Frischer Decl.) Likewise, Mr. Pierce did not advise any adjusters in charge of med pay or wage loss of the positions taken by USAA to "blame" the 2014 collision for any of the damages. (Id. at 143:17-144:19.) He knew that the other adjusters did not have access to testimony obtained by USAA or Dr. Eichbaum's opinions. (Id. at 144:4-14.) | |
| 38. On August 7, 2017, counsel for the Armases sent a letter to a USAA VP and Executive Director, which explained how USAA was refusing to consider information in its possession related to medical payment and wage loss claims. (Exh. 49 to Frischer Decl.) The letter also advised that Gina has not received a response from USAA yet regarding her wage loss claims submitted in 2016. (Id.) | |
| 39. USAA advised counsel for the Armases that no wage loss forms were submitted for claim number -031 (the 2012 collision). (Exh. 48 to Frischer Decl.; Vidaurri Depo. 129:19-130:25.) | |
| 40. Exh. 48 is not a claim denial letter. (Mendez Depo. 151:21-152:4.) | |
| 41. As of USAA's corporate representative deposition on April 5, 2019, he did not know that, for example, USAA's UIM adjuster sought to "blame" any the 2014 collision for damages occurring after July 2014. (Mendez Depo 119:5-22, Exh. D to Frischer Decl.) | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: April 16, 2019

**LAMB & FRISCHER LAW FIRM, LLP**

BY: _____/s/______________________

Bryan D. Lamb
Richard L. Frischer
Attorneys for Plaintiff

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272