Bryan D. Lamb (#197675)
Richard L. Frischer (#280339)
**LAMB & FRISCHER LAW FIRM, LLP**
1388 Sutter Street, Suite 815
San Francisco, CA 94109
(415) 997-9529
(415) 997-9272 (fax)
*Attorneys for Plaintiffs*

Kenneth J. Kroopf (#64300)
**THE LAW OFFICES OF KENNETH J. KROOPF, A PROFESSIONAL LAW CORPORATION**
500 Lighthouse Avenue, Suite A
Monterey, California 93940
(831) 373-7762
(831) 373-4714(fax)
*Attorneys for Plaintiffs*

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GINA ARMAS; DAVID ARMAS

Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY , et al.

Defendants.

Case No. 5:17-CV-06909-EJD

**PLAINTIFFS' OBJECTIONS TO USAA CIC'S NEW EVIDENCE OFFERED IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Date: May 9, 2019
Time: 9:00 a.m.
Judge: Hon. Edward J. Davila

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

**Pursuant to Local Rule 7-3(d)(1), Plaintiffs Gina and David Armas object to Defendant USAA CIC's new evidence offered in Reply as follows:**

**Objection to Exhibit 32**

Defense Counsel Anastasia Lolong's declaration states that this exhibit is a true and correct copy of excerpts from Carlos Mendez's deposition, though it appears to be an excerpt from Mina Vidaurri's deposition. Regardless of that error in failing to properly authenticate an exhibit, the portions cited in Ms. Vidaurri's deposition are lacking in foundation as Ms. Vidaurri testified to her lack of personal knowledge later in her deposition. (FRE 602, FRCP 56(c).) At best, she relies on hearsay information. (FRE 801.)

USAA CIC submitted pages 65 and 66 of Ms. Vidaurri's deposition, which includes Mina Vidaurri's unfounded testimony that all of the AIS "PHAD" reports are written by physicians or other medical professionals in the same specialty as the treatment being reviewed. (Vidaurri depo. at 65:22-66:9, Exh. 32 to Lolong Declaration.)

USAA's proffered evidence is inadmissible because it violates FRE 602's requirement that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," and FRCP 56(c)'s requirement that "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." (FRE 602; FRCP 56(c).) To the extent Ms. Vidaurri relies on the purported medical provider's unsworn statements that they have certain qualifications or specialties, such testimony from Ms. Vidaurri is hearsay. (FRE 801.)

USAA CIC failed to include any evidence to support a foundation that Ms. Vidaurri has personal knowledge of her statements. To the contrary, this testimony lacks foundation both by Ms. Vidaurri's own admission as well as co-worker Carlos Mendez's testimony. Ms. Vidaurri testified in the same deposition that she has never known the qualifications either of the particular PHAD authors whose purported opinions are at issue, nor does she know the professional qualifications of any authors of PHADs. (See Vidaurri Depo. at 81:19-82:13, 83:8-84:9, attached as Exh. C to Frischer Decl. ISO Opposition.) Therefore, logically, she could not have foundation to claim that all of the PHAD reviewers were in the same specialty as the reviewed treatment. Ms. Vidaurri testified:

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

Q. Okay. So we discussed earlier this was written by Dr. David Chen, correct?

A. Right.

Q. What state is David Chen licensed in?

A. I'm not sure. I couldn't tell you.

Q. Where did he go to med school?

A. I'm not sure.

Q. How many years has he been practicing before this?

A. I wouldn't have that information.

Q. You wouldn't have that information for any of the medical providers who submitted PHADs; is that correct?

A. Like would it be part of the physician review, like their --

Q. I'm just asking if USAA has that information from anywhere?

A. Not that I'm aware of.

**Q. USAA doesn't receive any sort of documentation about what the profession -- medical professional's expert credentials are; is that right?**

**A. I don't believe so.**

Q. Okay. And that's true both at the time that these medical professionals make their recommendations as well as through the whole length of the claim; is that right?

A. Can you rephrase your question?

**Q. At no time did USAA know what David Chen's credentials are; is that right?**

**A. Correct.**

(*Id.* at 81:19-82:13, emphasis added.)

Q. So at the time that you received PHADs on this case, you could rely on them, but you did not know any of the credentials of the medical professionals providing them?

A. Right, I don't know the credentials of the doctor that wrote it.

Q. Likewise, do you know what specialty David Chen has?

A. I mean, it says medical doctor.

**Q. Okay. But you don't know if, for example, he's an orthopedist or neurologist or general practitioner or pediatrician or any of that, right?**

**A. I don't have that information.**

Q. You mentioned that you're sure that you could obtain that information if you wanted to?

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272

A. I believe so. If we needed to get it, we could.

**Q. In regards to the Armases' claims at no point prior to today did USAA actually ask for that information; is that right?**

**A. Not that I'm aware of.**

(*Id.* at 83:8-84:9, emphasis added.)

Another adjuster and FRCP 30(b)(6) witness, Mr. Mendez, was more upfront in his deposition, testifying that he does not have any information to know whether a licensed medical provider actually authors the PHADs, other than the purported provider's unsworn statement in their report:

Q. Okay. And just to get an understanding of how you know this. How -- how do you know that these words on these pages, say 6 through 8 [of the PHAD], were written by a doctor?

A. I can look at the signature at the -- the bottom. This one, in particular, if we're looking at Page 8, which ending on Page 8, is Timothy Chen, MD, medical doctor.

**<u>Q. Aside from a signature and name appearing on the form, do you have any other information as to whether Mr. Chen actually wrote the words on these pages? Or Dr. Chen, I'm sorry.</u>**

**<u>A. I do not know, sir.</u>**

(Mendez Depo. at 97:4-14, attached as Exh. D to Frischer Decl. ISO Opposition, emphasis added.)

**Q. Do you know what specialty Dr. Chen has?**

**A. I'm not, unless it says it in here. No, I'm not.**

(*Id.* at 104:9-10.)

Q. Do you have any information, other than the fact that Dr. Chen has an MD after his name, that he is a licensed medical doctor?

A. No, sir.

(*Id.* at 112:5-8.)

Q. Do you have any information, other than the fact that he [David Boguslavsky] wrote an MD after his name, that he's a licensed doctor?

A. No, sir.

**Q. And those questions that I asked of Drs. Chen and Dr. Boguslavsky about their history and qualifications, state license, and so forth, you wouldn't know, for any of the AIS reviewers the answer to any of those questions, at the time that you were handling these claims, do you?**

**A. That would be correct. I don't know the position, nor the career, education of anyone at Auto Injury Solutions.**

(*Id.* at 113:3-13.)

Therefore, none of the adjusters whose testimony USAA relies upon have foundation of personal knowledge to support Ms. Vidaurri's proffered testimony in Exh. 32 that Ms. Vidaurri (or anyone at USAA, for that matter) knows what specialties the medical reviewers have, or even whether licensed medical professionals are writing the PHAD report. USAA's evidence is inadmissible and must be stricken. Furthermore, because USAA CIC obviously knew before submitting their Reply that the they were selectively choosing portions of a deposition that when other portions unmistakably demonstrate a lack of foundation, USAA CIC submitted evidence in bad faith. (See FRCP 56(h).)

Dated: April 26, 2019

**LAMB & FRISCHER LAW FIRM, LLP**

BY: ____/s/___________________

Bryan D. Lamb
Richard L. Frischer
Attorneys for Plaintiff

LAMB & FRISCHER LAW FIRM, LLP
1388 Sutter St., Ste. 815
San Francisco, CA 94109
TEL: (415) 997-9529
FAX: (415) 997-9272