UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GINA ARMAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 5:17-cv-06909-EJD<br><br>**ORDER DEYING MOTION FOR LEAVE TO AMEND ANSWER**<br><br>Re: Dkt. No. 59 |

On May 17, 2019—after the close of fact discovery and after its motion for summary judgment had been fully briefed and argued—Defendant USAA Casualty Insurance Company moved the court for leave to file an amended answer that adds a new affirmative defense. Plaintiffs Gina and David Armas oppose this motion. Having considered the parties' papers, the court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). The court denies the motion for the reasons set forth below.

**I.  Background**

The facts and allegations relevant to this case are discussed at length in the court's order denying Defendant's motion for summary judgment. Dkt. No. 71. For this motion the relevant facts are as follows. Defendant provided Plaintiffs' car insurance; the policy for which provides, "With respect to all insureds, the entire policy will be void if whether before or after a loss, any covered person has: (1) Intentionally concealed or mis-represented any material fact or circumstance; or (2) Engaged in fraudulent conduct; or (3) Made false statements; Relating to this insurance." Kasten Ex. 5. Plaintiffs were in car accidents in 2012 and 2014. In 2016, Gina Armas submitted claims to Defendant under her Extended Benefits coverage for lost wages from

Case No.: 5:17-cv-06909-EJD
ORDER DEYING MOTION FOR LEAVE TO AMEND ANSWER
1

time she allegedly took off from her job at a school district to recover from surgery related to the accidents. The claim form she submitted indicated that she missed three periods of work: from April 10, 2014 through August 3, 2014 (115 days), April 8, 2015 through July 28, 2015 (111) days, and April 11, 2016 through August 24, 2016 (135 days). Kasten Ex. 2 (the "Claim Form"). Defendant answered Plaintiffs' complaint on December 11, 2017. On February 28, 2018, the court issued the case management order and original schedule for this matter. The case management order provides:

> IT IS FURTHER ORDERED that the deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days after entry of this order. The parties are instructed to comply with Federal Rule of Civil Procedure 15 in seeking joinder of parties or amendments to the pleadings prior to expiration of the deadline. Amendments sought after the deadline must comply with Federal Rule of Civil Procedure 16.

Dkt. 14. The parties then litigated the case and stipulated four times to extend discovery deadlines—twice to allow for mediation (Dkt. 31, 33), and twice to accommodate specific depositions (Dkt. 26, 35). The last stipulation extended fact discovery past the deadline to file dispositive motions. Dkt. 35.

On April 23, 2018, Plaintiffs responded to Defendant's Interrogatory No.10, stating that Gina Armas missed work from April 10, 2014 through June 6, 2014 (57 days), April 9, 2015 through May 27, 2015 (48 days), and April 12, 2016 through June 8, 2016 (57 days). Kasten Ex. 3 at 17, 35. On March 19, 2019, Plaintiffs deposed a Senior Litigation Manager for Defendant who testified that he had "confirmed" that Gina Armas was off of work from April 10, 2014 through August 1, 2014 by "subpoena[ing] her employment records, and that's what we got." Frischer Ex. C at 43:6-24. Two days later, Defendant filed its summary judgment motion. The hearing date was set for May 9, 2019.

On April 16, 2019, Defendant took the deposition of Bijou Beltran, the 30(b)(6) witness for Gina Armas's employer during the times she took off of work. Beltran, who was not employed at the school district during the relevant periods, testified regarding the contents of records that she reviewed: "According to what is – according to this document, it appears that she did not [use sick leave during the 2013-2014 school year]. And that is also backed up by this

Case No.: 5:17-cv-06909-EJD
ORDER DEYING MOTION FOR LEAVE TO AMEND ANSWER
2

document," and "[u]pon my review of both the summary page that shows sick leaves, there is no absences reflected between 8-12-13 and 6-30-14. And when I look at the Leave 2 report, which shows the – what's this one called – Leave Transaction with Excess Leave Balances, '13-'14 showed no usage of sick leave or excess sick leave." Kasten Ex. 4 at 8:1-6, 75:12-18; Frischer Ex. A at 53:11-14. Bijou also testified that Gina Armas's personnel file did not hold a FMLA leave request for 2014 or the 2015-2016 school year. Kasten Ex. 4 at 71:16-72:23. Based on a review of her testimony and the exhibits introduced in the deposition, Defendant represents, in this motion, that Gina Armas missed the following periods of work: zero days in 2014, April 9, 2015 through June 10, 2015 (62 days), and April 11, 2016 through June 3, 2016 (53 days). On May 17, 2019, Defendant filed the instant motion seeking leave to add to its answer the affirmative defense that "the subject insurance policy, in its entirety, is void as to all insureds, due to a covered person's intentional concealment or misrepresentation of material facts or circumstances, engagement in fraudulent conduct, and/or making false statements relating to the claim and the subject insurance." Mot. Ex. 1 at 10-11. Defendant's theory is that Bijou testified to the actual dates that Gina Armas missed work and that Gina Armas misrepresented the dates on the Claim Form. Those misrepresentations, Defendant contends, void the entire policy and are case dispositive.

## II. Discussion

Per the court's case management order, this motion comes long after the deadline to amend under Rule 15. Dkt. 14 at 1. Thus, the motion must meet the "good cause" standards of Rule 16. *Id.*; *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) ("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that a schedule may be modified only for good cause and with the judge's consent, rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the

Case No.: 5:17-cv-06909-EJD
ORDER DEYING MOTION FOR LEAVE TO AMEND ANSWER
3

inquiry should end." *Id.* "Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Federal Rule of Civil Procedure 15." *Ammons v. Diversified Adjustment Serv., Inc.*, 2019 WL 2303831, at *2 (C.D. Cal. May 30, 2019); *see also Khobragade v. Covidien LP*, 2019 WL 652424, at *13 (S.D. Cal. Feb. 15, 2019). Under Rule 15, when the time to amend as a matter of course has passed, then a court should consider four factors: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *MagTarget LLC v. Saldana*, 2019 WL 1904205, at *2, (N.D. Cal. Apr. 29, 2019).

Defendant does not address Rule 16 in the motion. Instead Defendant applies only the four factors for a Rule 15 analysis. Based on the facts however, the court finds that Defendant would not be able to show it was diligent in seeking amendment. Defendant argues that it only learned that Gina Armas's claim forms were allegedly materially misleading when it deposed Bjiou in April 2019. But that assertion cannot be squared with Plaintiffs' response to Interrogatory No. 10, which informed Defendant *in April 2018*, that she missed less than half of the days purportedly misrepresented in the Claim Form.[1] Defendant learned that Plaintiffs themselves did not rely on the challenged dates on the Claim Form a year prior to the Bijou deposition. Because Defendant has not been diligent, the motion is denied.

The motion also fails under the more lenient standard of Rule 15. The most important of the four factors is prejudice to the nonmoving party. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Granting Defendant's motion would greatly and unfairly prejudice Plaintiffs. The affirmative defense would take the litigation in a new direction, which would require—after over a year of discovery—new factual development of the record followed by a possible dispositive motion on this defense by Plaintiffs. *See Khobragade*, 2019 WL 652424, at *15. "When after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require discovery in addition to the administrative record, the amendment may be appropriately denied as prejudicial to the opposing party." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980

---

[1] Plaintiffs maintain that Defendant is misinterpreting the Claim Form. Opp'n at 10.

F. Supp. 2d 1160, 1178 (E.D. Cal. 2013). The prejudice factor weighs strongly against allowing Defendant's amendment.

As to the second factor, "[a] party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it knew or should have known that amendment was called for." *Fresno Unified*, 980 F. Supp. 2d at 1176 (quotation and citation omitted). Defendant knew in April of last year that the supposedly misleading dates on the claim forms did not match the dates in Interrogatory No. 10. Defendants have not move reasonably promptly to amend their answer.

Bad faith "includes amendments filed frivolously or for an improper purpose." *Id.* at 1178 (citing *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir.1990)). "Frivolity is determined under the objective standard set forth in Federal Rule of Civil Procedure 11: whether 'to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Id.* Bijou testified that based on her review of employment records that it did not appear Gina Armas had missed any work in 2014. But, Defendant's corporate designee testified that Defendant had subpoenaed her employment records and "confirmed" that she missed work in 2014. Defendant does not address this contradiction in its reply. While the court does not find that Defendant brought this motion in bad faith, it does find that this factor does not weigh in favor of allowing the amendment.

Finally, "[c]ourts rarely deny a motion for leave to amend for reason of futility." *Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006). A "proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). While Bijou's testimony appears to be at odds with the testimony of Defendant's corporate representative, Bijou's testimony does support the proposed affirmative defense. The court finds that this factor does not weigh against the amendment.

Because the first and second factors weigh strongly against allowing the amendment, the court finds that, even if Defendant had shown good cause under Rule 16, the motion would still fail under Rule 15. The motion is denied.

**IT IS SO ORDERED.**

Dated: July 24, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06909-EJD
ORDER DEYING MOTION FOR LEAVE TO AMEND ANSWER
6